IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**CYNTHIA J. HILLS**                                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:06cv53-KS-MTP**

**LAMAR COUNTY SCHOOL
DISTRICT, ET AL**                                                                 **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss or for More Definite Statement **[#27]** filed on behalf of the defendants and on Motion to Amend the Complaint **[#31]** filed on behalf of the plaintiff.  The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion to dismiss should be denied, the motion for more definite statement should be granted and the motion to amend the complaint should be granted.  The court specifically finds as follows:

This matter was originally filed by the plaintiff on behalf of her adult son, Daniel Hills, alleging various shortcomings related to the educational system of Lamar County, Mississippi which allegedly caused damages to Daniel Hills during his tenure as a grade school, middle school and secondary school student enrolled therein.  The defendants have moved to dismiss for insufficiency of service of process pursuant to Rule 12(b)(5), Federal Rule of Civil Procedure for untimely service.  The defendants have also moved to dismiss under Rule 12(b)(6) on the basis of lack of standing in that Daniel Hills is an

adult and that the plaintiff, as his mother, has no standing to assert claims on his behalf.  In the alternative, the defendants have moved under Rule 12(e) for a more definite statement of the claims asserted against them.

**Insufficiency of Service of Process**

"The party on whose behalf service is made has the burden of establishing its validity." Wright and Miller, Federal Practice and Procedure: Civil 2d, Section 1353. The plaintiff is proceeding *pro se* and "[a]lthough pro se pleadings are generally held to less stringent standards, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct.594, 595, 30 L.Ed.2d 652 (1972), a *pro se* plaintiff still must properly serve the defendant.  *Kiley v. Kurtz*, 533 F.Supp. 465, 467 (D.Co. 1982)." *Cheek v. Doe*, 110 F.R.D. 420 (N.D. Ill. 1986).

When faced with insufficient service, the court must decide whether to simply quash process or dismiss the complaint.  "[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant."   Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1354.

The plaintiff filed this action on February 14, 2006, and perfected service of process on July 12, 2006, more than the 120 days allowed By Rule 4.  However, the plaintiff points out that she had a pending *in forma pauperis* motion upon which the magistrate judge issued a Report and Recommendation on April 3, 2006, allowing her

120 days from payment of the filing fee to perfect service.  The plaintiff paid the filing fee on April 25, 2006, and moved the district court for reconsideration of her IFP status.  Th R&R was adopted by the court on July 17, 2006, denying IFP status to the plaintiff.  Service of process on July 12 was within the 120 days allowed and thus was proper.

**<u>Lack of Standing</u>**

The defendants have also moved to dismiss the complaint because the plaintiff has filed suit on behalf of her adult son, who is not a party.  It is hornbook law that one must have standing in order to pursue a claim.  *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 l.Ed.2d 135 (1990).  One adult may not pursue a claim on behalf of another adult without that person's consent and participation, absent a court order to the contrary.  The plaintiff has not made any allegation nor provided any evidence that she is authorized to pursue this litigation on behalf of her adult son.

However, the plaintiff has moved to amend the complaint in order to add Daniel Hills as a party.   Under Rule 15, Federal Rules of Civil Procedure, leave to amend is generally freely given in the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.  *See, Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  The court concludes, after reviewing the entire matter, that the plaintiff should be allowed to amend the complaint to add Daniel Hills as a party provided that the said Daniel Hills consents in writing.

**More Definite Statement**

Finally, the defendants have moved for a more definite statement. A review of the pleadings filed by the plaintiff convinces the court that the defendants are entitled to this relief. Rule 12(e), Federal Rules of Civil Procedure provides;

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

In consideration of the fact that the court is allowing the plaintiff to amend the complaint to add Daniel Hills, the court finds that the plaintiff should set forth in the complaint the exact conduct of the defendants that is being challenged in a succinct and lucid manner furnishing dates and exact names of offending parties as near as can be determined.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants Motion to Dismiss or for More Definite Statement **[#27]** is Denied as to dismissal but Granted as to the more definite statement in the form of an amended complaint.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's Motion to Amend the complaint **[#31]** to add Daniel Hills is Granted and the plaintiff shall provide an amended complaint consented to by Daniel Hills in writing within ten (10) days of this order. Further the amended complaint shall set forth the exact conduct of the defendants that is being challenged in a succinct and lucid manner furnishing dates and

exact names of offending parties as near as can be determined.  Failure to amend the complaint within the prescribed time shall result in a dismissal of this action.

IT IS FURTHER ORDERED AND ADJUDGED that the stay order **[#37]** previously entered herein is lifted and the parties shall contact Magistrate Judge Parker within the prescribed time limit for the entry of a new case management order.  All other pending motions are dismissed as moot.

SO ORDERED AND ADJUDGED this the 20th day of March, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE