IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CYNTHIA J. HILLS; And**
**DANIEL HILLS**                                                                                  **PLAINTIFFS**

**VERSUS**                                                    **CIVIL ACTION NO. 2:06cv53-KS-MTP**

**LAMAR COUNTY SCHOOL**
**DISTRICT, ET AL**                                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Dismiss **[#43]** filed on behalf of the defendants seeking to have Cynthia J. Hills dismissed as a party plaintiff and for other relief and on Motion for Judgment on the Pleadings **[#52]** filed by the plaintiffs, who are appearing *pro se*. The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion to dismiss should be granted and the Motion for Judgment on the Pleadings should be denied. The court specifically finds as follows:

This matter was originally filed by the Cynthia J. Hills on behalf of her adult son, Daniel Hills, alleging various shortcomings related to the educational system of Lamar County, Mississippi which allegedly caused damages to Daniel Hills during his tenure as a grade school, middle school and secondary school student enrolled therein. The defendants moved to dismiss and for a more definite statement of the claims asserted against them. The court denied the motion to dismiss but granted the motion for more definite statement and ordered Daniel Hills made a party if the plaintiff wished to pursue

this litigation.  The plaintiff amended her Complaint on March 30, 2007, by adding Daniel C. Hills as a party.  The defendants then filed the instant motion seeking the dismissal of Cynthia J. Hills for lack of standing and to dismiss all claims for punitive damages and to have Cynthia Hills removed as legal representative of Daniel Hills.

## STANDARD OF REVIEW

The defendants have moved the court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiffs to state a claim upon which relief can be granted as to Cynthia J. Hills and on the issue of punitive damages as to all claims.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "[w]e may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980)

   The defendants have moved to dismiss the complaint because the plaintiff has filed suit on behalf of her adult son, who is now a party, for alleged violations of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§ 1400 *et seq.*  The IDEA and its predecessors were enacted in response to the failure of public schools to provide meaningful education to children whose disabilities prevented them from succeeding in the usual classroom environment.  The heart of the IDEA, and the first of its stated purposes listed in the statute, is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. §1400(d)(1)(A).

   It has been long held that the IDEA does not guarantee the best educational placement a child might be afforded, but that he be provided with a "basic floor of opportunity that will permit him 'to benefit' from the instruction."  *Adam J. v. Keller Independent School Dist.*, 328 F.3d 804, 808 (5th Cir. 2003)(citations omitted.)  The IDEA demands that a child be educated as far as possible within a "regular" classroom setting, *Id.* at 810, and requires that the child be educated in the "the least restrictive environment;" that is, the least segregated, and the least divergent from that provided to

a non-disabled student.   20 U.S.C. §1412(a)(5)(A).

The IDEA requires states to establish "procedural safeguards," i.e., administrative remedies, including an opportunity for parents to present complaints and to request a due process hearing.  20 U.S.C. §1415(a).  Mississippi has done so through Miss. Code Ann. §37-23-143(1), which provides;

> When any public agency directly responsible for the education of children with disabilities initiates or refuses to initiate or change the identification, evaluation, or educational placement of the child or the provisions of a free appropriate public education to the child, the parent of a child with a disability or the agency shall have the opportunity to request a state-level impartial due process hearing.

Miss. Code An. §37-23-143(2), in turn, places the responsibility of promulgating "rules and regulations consistent with the requirements under IDEA to establish a system for the provision of state-level impartial due process hearings" with the Mississippi Deparment of Education ("MDE").  The Mississippi Department of Education has followed this directive and promulgated "Procedural Safeguards: Due Process Procedures for Parents and Children" ("the safeguards").  The safeguards explain the process for requesting an impartial due process hearing and an explanation of the procedural aspects of such hearings.  Exhaustion of these remedies is required before resort to suit in federal court is permitted.  While there is no allegation of exhaustion of these remedies, the defendants have not asserted a failure to comply with them.  In the absence of such an assertion, the court will proceed with the remaining issues presented.

This case does not deal with a parent of a minor child still in school, bringing suit to enforce a procedural right under the IDEA.  Daniel Hills is an adult who has graduated from high school.  Cynthia J. Hills is his mother attempting to represent him

as well as herself, *pro se*. The relief requested by the plaintiff is revision of Daniel's high school transcripts and punitive damages. They are not requesting that Daniel be readmitted to school under a revised IEP to earn a regular degree. The particular relief requested does not appear to even be available under the IDEA, but the defendants have not moved to dismiss Daniel's claims.

The defendants have attacked only Cynthia's standing to bring a claim on her behalf for injuries which she has not personally suffered. It is hornbook law that one must have standing in order to pursue a claim. *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 l.Ed.2d 135 (1990). "The question of standing 'involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Bennett v. Spear*, 520 U.S. ___, 117 S. Ct. 1154, 137 L. Ed. 2d 281, 295 (1997)(quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)(citing *Barrows v. Jackson*, 346 U.S. 249, 73 S. Ct. 1031, 97 L. Ed 1586 (1953)).

The *Bennett* court went on to discuss the case or controversy requirement of Article III which it described as "the irreducible constitutional minimum" of standing. In defining the irreducible constitutional minimum the Court stated that such requires

> (1) That the plaintiff have suffered an 'injury in fact'--an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complaint of--the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear*, 137 L. Ed. 2d at 298 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

The Fourth Circuit Court of Appeals has discussed the ability of a parent to bring an IDEA claim on behalf of an adult child in *Emery v. Roanoke City School Bd.*, 432 F.3d 294 (4th Cir. 2005). That court held:

> A school district's failure to provide a FAPE gives rise to distinct injuries. First, the child has suffered the core injury when he is not furnished with an appropriate education. In the context of this injury, therefore, the disabled child is the real party in interest. *See Doe v. Bd. of Educ.*, 165 F.3d 260, 263 (4th Cir.1998). While the IDEA affords parents procedural rights to compel the school district's compliance with the IDEA, these rights stem solely from their disabled child's inability to pursue a remedy due to his incapacity. *Id.* Thus, "parents and children are distinct legal entities under the IDEA." *Id.*

Cynthia Hills has failed to make any allegations of injury to herself. She is not a proper party to this litigation. In fact, the court has doubts that any recoverable claims have been asserted on behalf of Daniel Hills, but the defendants have not moved for dismissal of all claims asserted by him. They have, however, moved to dismiss the punitive damage claims asserted in the Amended Complaint. Punitive damages are not recoverable under the IDEA. *See Marvin v. Austin Independent School Dist.*, 714 F.2d 1348 (5th Cir 1983). These claims should be dismissed as well.

The defendants next argue that Cynthia cannot represent Daniel in this action as Daniel is an adult and she is not an attorney. "The right to proceed *pro se* in civil actions in federal court is guaranteed by 28 U.S.C. § 1654, which provides: '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.'" *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000)(quoting 28 U.S.C. §1654). Rule 17(c) of the Federal Rules of Civil Procedure

authorizes a parent to proceed on behalf of a minor child or an incompetent. The rule does not allow the parent of an adult child to represent the child in federal proceedings. Only licensed lawyers may represent others in federal court. *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970).

Therefore, the defendants' motion to remove Cynthia J. Hills as legal representative of Daniel Hills is well taken and should be granted. Daniel Hills may proceed to represent himself *pro se* or he may hire legal counsel. However, the clerk of court will be instructed not to receive any pleadings on behalf of Daniel Hills executed by Cynthia J. Hills as his legal representative.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#43]** filed on behalf of the defendants seeking to have Cynthia J. Hills dismissed as a party plaintiff is Granted and her claims are dismissed from this action with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Cynthia J. Hills will no longer be allowed to represent Daniel Hills in this action and he is ordered to inform the court within ten (10) days of this order if he wishes to proceed *pro se* or if he intends to hire legal counsel, which if he intends to do so, must enter an appearance within thirty (30) days of this order.

IT IS FURTHER ORDERED AND ADJUDGED that the clerk of this court is directed to not accept any pleadings on behalf of Daniel Hills executed by Cynthia J. Hills as his legal representative.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings **[#52]** filed by the plaintiff is denied as moot as it is premature.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 30th day of November, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE