IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DANIEL HILLS**      **PLAINTIFF**

**VERSUS**      **CIVIL ACTION NO.  2:06cv53KS-MTP**

**LAMAR COUNTY SCHOOL DISTRICT, ET AL**      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#96]** filed on behalf of the defendants.  The court, having reviewed the motion, recognizing the plaintiff's failure to respond, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.  The court specifically finds as follows:

## FACTUAL BACKGROUND

This matter was originally filed by the Cynthia J. Hills on behalf of her 20 year old son, Daniel Hills, alleging violations of the Individuals With Disabilities Education Act (IDEA), § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, by the educational system of Lamar County, Mississippi which allegedly caused damages to Daniel Hills during his tenure as a grade school, middle school and secondary school student therein.  On August 21, 2006, the defendants moved to dismiss and for a more definite statement of the claims asserted against them.  The court denied the motion to dismiss

1

but granted the motion for more definite statement and ordered Daniel Hills made a party if the plaintiff wished to pursue this litigation.  The plaintiff amended her Complaint on March 30, 2007, by adding Daniel C. Hills as a party.  The defendants then filed a motion seeking the dismissal of Cynthia J. Hills for lack of standing and to dismiss all claims for punitive damages and to have Cynthia Hills removed as legal representative of Daniel Hills.   That motion was granted by the court on November 30, 2007.  The defendants have now moved for summary judgement on the remaining claims.  In response, the plaintiff has filed a number of motions including a request for additional time to respond to the motion for summary judgment.  The court did not specifically grant the additional time but the time requested by the plaintiff has expired by several weeks with no further response.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the

evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his

motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the]

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

### INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA)

The IDEA, 20 U.S.C. §§ 1400 *et seq.*, and its predecessors were enacted in response to the failure of public schools to provide meaningful education to children whose disabilities prevented them from succeeding in the usual classroom environment.  The heart of the IDEA, and the first of its stated purposes listed in the statute, is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. §1400(d)(1)(A).

It has been long held that the IDEA does not guarantee the best educational placement a child might be afforded, but that he be provided with a "basic floor of opportunity that will permit him 'to benefit' from the instruction."  *Adam J. v. Keller Independent School Dist.*, 328 F.3d 804, 808 (5th Cir. 2003)(citations omitted).  The IDEA demands that a child be educated as far as possible within a "regular" classroom setting, *Id.* at 810, and requires that the child be educated in the "the least restrictive environment;" that is, the least segregated, and the least divergent from that provided to a non-disabled student.   20 U.S.C. §1412(a)(5)(A).

The basis of the defendants' motion is that the remedy requested by the plaintiff is not available under the IDEA. According to the deposition testimony of the plaintiff, the relief he is requesting is a "true and rightful transcript and accompanying certificate of graduation." He is not asking the court to order that he be allowed to return to school in order to earn a diploma under a revised IEP. In fact, the plaintiff's testimony reveals that he voluntarily quit school mid way through his Senior year because he "just got sick of it. I didn't want to go. I hated it." He also stated that school was not "fun" anymore. The records reveal that he had excessive absences even before he quit. The fact that he simply desires his grades changed and to be given a diploma is not a remedy available under the IDEA.

## REHABILITATION ACT OF 1973

The plaintiff has also brought this action, in part, under § 504 of the Rehabilitation Act of 1973, claiming that he was not allowed to participate in sports programs because of his inadequate grades. The purpose of the Rehabilitation Act is to develop and implement comprehensive and coordinated programs of vocational rehabilitation and independent living. To facilitate this purpose, the Act provides for federal funding of state programs creating and maintaining various vocational rehabilitation services. Further, 29 U.S.C. § 794, provides in pertinent part:

> No otherwise qualified individual with handicaps in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794(a). A private right action has long been recognized as the means of

enforcing the provisions of § 504.  *See Helms v. McDaniel*, 657 F.2d 800 (5th Cir.1981).  Federal courts have concluded that there are few differences in the affirmative duty set forth under the IDEA and the negative prohibition against discrimination set forth in § 504,

> . . . the requirements imposed by § 504 of the Rehabilitation Act substantially duplicate those provided under the IDEA. *W.B. v. Matula*, 67 F.3d 484, 492–493 (3rd Cir.1995) (noting that "[t]here appear to be few differences, if any, between IDEA's affirmative duty and § 504's negative prohibition")(partially abrogated on the finding that § 1983 was available to remedy alleged violations of the IDEA or the Rehabilitation Act - *A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3rd Cir. 2007)). Section 504 of the Rehabilitation Act prohibits any federally funded program from discriminating against persons with disabilities. To this extent, § 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ."  29 U.S.C. § 794(a). To establish a violation of § 504, the plaintiffs must establish that: (1) [the student] has a disability; (2) [the student] is "otherwise qualified" to participate in school activities; (3) [the school] receives federal financial assistance; and (4) [the student] was excluded from participation in, denied the benefits of, or subject to discrimination at school. *W.B. v. Matula*, 67 F.3d at 492 (citations omitted).

In the present case, the plaintiff has failed to either plead or offer any evidence of a violation of the IDEA or the Rehabilitation Act.  He has not shown that he has a disability or that he was discriminated against on the basis of any alleged disability.  Further, he has offered no proof that he was "otherwise qualified" to participate in any extra-curricular activity from which he was allegedly excluded.

### **SECTION 1983 LIABILITY**

The plaintiff has alleged unspecified violations of § 1983.  To maintain such an action he must establish, the following:

(a) that the defendants were acting under color of state law, and

7

(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984). However, neither states nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C. § 1983 because they are not considered "persons" within the meaning of the statute. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The *Will* Court went on to state;

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, (citation omitted), or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment **[#96]** is Granted and the plaintiffs' complaint is dismissed with prejudice and that all other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 13th day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE