IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANIEL C. HILLS                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 2:06cv53-KS-MTP

LAMAR COUNTY SCHOOL DISTRICT, ET AL.                              DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Cynthia J. Hills' Motion for Leave to Appeal In Forma Pauperis [112], Motion for Appellate Review [113], Motion for Certification [114] and Motion for Extension of Time to File an Appeal for Review of Case ("Motion for Extension of Time to Appeal") [115]. For the reasons stated below, the Court finds that the motions are not well taken and should be denied.

## BACKGROUND

Ms. Hills initiated this action on February 14, 2006, by filing a *pro se* Complaint [1] on behalf of her adult son, Daniel Hills, alleging various shortcomings related to the educational system of Lamar County, Mississippi, which purportedly caused damages to Daniel Hills during his tenure as a grade school, middle school and secondary school student in Lamar County schools. Also on February 14, Ms. Hills requested leave to proceed in forma pauperis ("IFP"). (*See* Motion [2].) This request was denied and Ms. Hills paid the required civil filing fee. (*See* Order [22].) On March 30, 2007, an Amended Complaint [39] was filed adding Daniel Hills as a party plaintiff.

On November 30, 2007, the Court dismissed Ms. Hills from the litigation with prejudice because she alleged no individual injuries and lacked standing to assert any claims on behalf of Daniel Hills. (*See* Memorandum Opinion and Order [89]; Judgment

90.) The Court also found that Ms. Hills could not remain in the suit as Daniel Hills' legal representative since he was neither incompetent nor a minor child and since Ms. Hills was not a licensed attorney. In addition, the claim for punitive damages in the Amended Complaint was dismissed because these damages are not available under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*

On February 13, 2008, the Court granted summary judgment in favor of the Defendants on Daniel Hills' claims under the IDEA, Section 504 of the Rehabilitation Act of 1973, and Title 42 U.S.C. § 1983. (*See* Memorandum Opinion and Order [108].) Accordingly, the complaint was dismissed with prejudice and all other pending motions were denied as moot. (*See* Judgment [109].)

On August 13, 2013, approximately **five and one-half years** after the Court's Judgment [109], Plaintiff Cynthia J. Hills filed her Notice of Appeal [111], Motion for Leave to Appeal In Forma Pauperis [112], Motion for Appellate Review [113], Motion for Certification [114] and Motion for Extension of Time to Appeal [115]. The Court will address each of Ms. Hills' motions in turn.

## DISCUSSION

### 1.  Motion for Leave to Appeal In Forma Pauperis [112]

A district court may deny a litigant's request to proceed on appeal IFP by certifying that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). The Court denies this motion and certifies that Ms. Hills' appeal is not taken in good faith because she failed to file a timely notice of appeal following the Court's Judgment [109]. *See Evans v. Sims*, No. 12-60563, 2013 WL 3286249, at *1

(5th Cir. Mar. 8, 2013) (denying plaintiff's motion to proceed IFP and dismissing appeal since the notice of appeal was untimely); *United States v. Rivera-Moreno*, No. 8:04CR118-1, 2008 WL 5083865, at *1 (D. Neb. Nov. 25, 2008) (certifying that the appeal was not taken in good faith due to its untimely nature); *Daniels v. Keith*, No. 06-5142, 2007 WL 1821401, at *1 (W.D. Ark. June 25, 2007) ("motion to appeal IFP is denied as the appeal is untimely and therefore not taken in good faith, 28 U.S.C. § 1915(a)(3)").

It is not clear whether Ms. Hills seeks to appeal the Court's dismissal of her claims or the subsequent dismissal of her son's claims.  In either event, Ms. Hills' Notice of Appeal [111] is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A)'s thirty-day deadline.  Although Ms. Hills was dismissed with prejudice in November of 2007, this was an interlocutory ruling since Daniel Hills' claims remained pending and the Court did not direct the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).  Ms. Hills' dismissal became final for appeal purposes when Daniel Hills' remaining claims were dismissed on February 13, 2008.  *See OFS Fitel LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1356 (11th Cir. 2008) ("Under general legal principles, earlier interlocutory orders merge into the final judgment, and a party may appeal the latter to assert error in the earlier interlocutory order.") (citation omitted).  Ms. Hills' August of 2013 Notice of Appeal [111] was filed well in excess of March 14, 2008, the deadline for any timely appeal in this cause.

### 2.  Motion for Appellate Review [113]

Generally, an appeal from a final judgment in a district court is perfected by the filing of a notice of appeal and no motion for appellate review is necessary.  *See* Fed. R.

App. P. 3(a). However, a litigant may move for and obtain an extension of time to appeal under certain limited circumstances. *See* Fed. R. App. P. 4(a)(5)-(6). A litigant may also seek appellate review of an interlocutory ruling by requesting that the district court certify the order pursuant to 28 U.S.C. § 1292(b). Ms. Hills appears to have exercised each of the preceding options in this case by filing a Notice of Appeal [111], Motion for Certification [114] and Motion for Extension of Time to Appeal [115]. The Court finds that Ms. Hills' Motion for Appellate Review [113] is duplicative of her other filings, and will thus be denied as moot.

### 3.  Motion for Certification [114]

Ms. Hills seeks certification of the following issue: "When is it appropriate for the federal courts to intervene where there are conflicting state laws." (*See* Motion for Certification [114] at p. 1.) It appears that Ms. Hills wants this question certified to "the United States Supreme Court . . . ." (*See* Motion for Certification [114] at p. 1.) Ms. Hills fails to cite, and the Court is unaware of any procedural mechanism by which it may certify a question to the Supreme Court. Even construing Ms. Hills' *pro se* filing as motion for certification of an interlocutory ruling to the Fifth Circuit pursuant to § 1292(b) is of no benefit to her. Section 1292(b) is inapplicable in a case, such as this one, where a final judgment has been entered. *See OFS Fitel LLC*, 549 F.3d at 1359 n.12. Accordingly, Ms. Hills' Motion for Certification [114] is without merit and must be denied.

### 4.  Motion for Extension of Time to Appeal [115]

Ms. Hills seeks "an extension of time in which to file an appeal for review of [this] case . . . ." (Motion for Extension of Time to Appeal [115] at p. 1.) No reasoning or authorities are presented in support of this request.

"[A] timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction . . . ." *Resendiz v. Dretke*, 452 F.3d 356, 360 (5th Cir. 2006) (citation and internal quotation marks omitted). *Pro se* litigants are not excused from this mandatory requirement. *See Nelson v. Foti*, 707 F.2d 170, 170 (5th Cir. 1983). However, Federal Rule of Appellate Procedure 4 provides two avenues for proceeding on an appeal in the absence of a timely filed notice of appeal. *See Resendiz*, 452 F.3d at 358.

Pursuant to Rule 4(a)(5), the district court may extend the time for a party to file its "notice of appeal if:  (i) a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause" for the late filing. Fed. R. App. P. 4(a)(5)(A). This avenue is unavailable to Ms. Hills. Her August of 2013 Motion for Extension of Time to Appeal [115] was filed well past April 13, 2008 (thirty days after her time to appeal expired), and she has provided no justification for her **five and one-half year** delay in seeking appellate review.

Rule 4(a)(6) authorizes a district court to reopen the time for an appeal for fourteen (14) days if each of the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). "Courts of Appeals have uniformly held that Rule 4(a)(6)'s 180-

day period for filing a motion to reopen is also mandatory and not susceptible to equitable modification." *Bowles v. Russell*, 551 U.S. 205, 207-08, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007) (citation omitted).  An appeal filed more than 180 days after the entry of judgment is inoperative "no matter what the circumstances." *Baker v. United States*, 670 F.3d 448, 456 (3d Cir. 2012) (citation omitted).

Rule 4(a)(6) relief is unwarranted in this cause.  First, Ms. Hills has not alleged that she lacked notice of the Court's rulings dismissing her or Daniel Hills' claims within 21 days of their entry.  Second, the Motion for Extension of Time to Appeal [115] was filed 2008 days after the Court's Judgment [109].  Therefore, this motion must also be denied.

## CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to Appeal In Forma Pauperis [112] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Appellate Review [113] is denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Certification [114] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Extension of Time to Appeal [115] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk is to mail a copy of this Order to the Plaintiff Cynthia J. Hills at the address listed on the docket.

SO ORDERED AND ADJUDGED this the 28th day of August, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE